per curiam:
En esta ocasión, nos vemos precisados a ejer- *288 cer nuestra facultad disciplinaria contra un miembro de la profesión por incumplir con los requisitos del Programa de Educación Jurídica Continua. Por las razones expuestas a continuación, ordenamos la suspensión inmediata e indefi-nida de la Leda. Gail Ramos Martínez del ejercicio de la abogacía y la notaría.
I
La Leda. Gail Ramos Martínez fue admitida al ejercicio de la abogacía el 18 de enero de 1996, y a la notaría el 14 de marzo del mismo año. El 19 de marzo de 2013, la Direc-tora del Programa de Educación Jurídica Continua (PEJC) nos informó que la licenciada Ramos Martínez había in-cumplido con los requisitos reglamentarios de educación jurídica continua durante el periodo del 1 de marzo de 2007 al 28 de febrero de 2009.
Según surge del Informe sobre Incumplimiento con Re-quisito de Educación Continua, el 3 de abril de 2009 se envió un aviso de incumplimiento a la letrada otorgándole, entre otras alternativas, 60 días adicionales para que to-mara los cursos. Ante ese requerimiento, la letrada se li-mitó al pago de la cuota por incumplimiento tardío estable-cida en la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-E.
Tiempo después, y al no haber cumplido con el término provisto para que tomara los cursos, el PEJC citó a la abo-gada a una vista informal el 2 de febrero de 2011. La licen-ciada Ramos Martínez no acudió a la vista informal pero compareció posteriormente por escrito y explicó las razones por las cuales se vio imposibilitada de cumplir con los re-querimientos del Programa.
Así las cosas, el PEJC le otorgó una prórroga final de 60 días para cumplir con los requerimientos de educación continua. Pasados varios meses, el 5 de octubre de 2012 el Programa le envió otra comunicación indicando que la re- *289 ferida prórroga había vencido, y que se le estaba brindando un término adicional de 30 días para que informara sobre su cumplimiento. La licenciada Ramos Martínez contestó esa comunicación solicitando 30 días adicionales a la se-gunda prórroga otorgada. Sin embargo, aun hoy no ha cumplido con los requisitos reglamentarios de educación jurídica continua.
Ante esta situación, el 9 de mayo de 2013 concedimos a la letrada Ramos Martínez un término de 20 días para que mostrara causa por la cual no debiera ser suspendida in-definidamente del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua. El 21 de mayo de 2013 compareció la licenciada Ramos Martínez mediante una Moción para Mostrar Causa por Incumplimiento con Educación Continua. En esta, arguye que debido a que desde hace tiempo cerró su oficina legal y dado a que padece de una condición severa de asma recurrente, entre otras condiciones médicas, desea renunciar voluntariamente al ejercicio de la notaría.
II
El Canon 2 del Código de Ética Profesional dis-pone que los abogados y las abogadas tienen la obligación de “mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional” con el “fin de viabilizar el objetivo de representación legal adecuada para toda persona”. 4 LPRA Ap. IX. Véase In re Rivera Trani, 188 DPR 454, 458-459 (2013).
En virtud de lo anterior, el Reglamento del Programa de Educación Jurídica Continua requiere que los abogados y las abogadas tomen 24 créditos cada dos años en cursos acreditables de educación jurídica continua que ofrezca alguna institución acreditada a esos propósitos, *290 salvo algunas excepciones que se desglosan en la Regla 4 (4 LPRA Ap. XVII-E).
Los abogados y las abogadas tienen el deber de presen-tar ante la Junta de Educación Jurídica Continua un in-forme que acredite el cumplimiento con el mínimo de horas crédito a más tardar a los 30 días subsiguientes de finali-zado cada periodo de cumplimiento.(1) En el caso de que un abogado o una abogada cumpla tardíamente con los requi-sitos de educación jurídica continua, deberá presentar un informe explicando las razones que justifiquen su tardanza y pagar una cuota.(2)
No obstante, si el abogado o la abogada incumpliera con sus obligaciones, el Director de la Junta del PEJC le citará a una vista informal en la que podrá presentar prueba que justifique las razones de su proceder.(3) Si el abogado o la abogada no compareciera, el asunto será remitido a este Tribunal.(4) En el pasado, no hemos vacilado en disciplinar profesionalmente a los letrados que han desatendido los requerimientos de la Junta e incumplido con las horas cré-dito de educación jurídica continua. In re Villamil Higuera, 188 DPR 507 (2013); In re Rivera Trani, supra; In re Guzmán Rodríguez, 187 DPR 826 (2013).
III
En el caso de autos, la abogada Gail Ramos Martínez incumplió con los requisitos del PEJC y no consta eviden-cia alguna que acredite su cumplimiento con algunas de las excepciones que le permitirían obviar dichos requisitos. Durante este proceso, la letrada Ramos Martínez ha plan-teado que su incumplimiento responde a su estado de *291 salud. Empero, la ausencia de evidencia fehaciente sobre su condición de salud, la falta de atención y la actitud pa-siva demostrada ante los requerimientos de la Junta del PEJC y de este Tribunal no nos deja otra opción que sus-penderle indefinidamente del ejercicio de la abogacía y la notaría.
Ahora bien, la readmisión de un abogado posterior a una suspensión indefinida por motivo de su incumplimiento con las disposiciones del Reglamento del PEJC, quedará condicionada a que este, dentro del término de un año, subsane la falta y tome los cursos correspondientes al término de su suspensión. In re Piñeiro Vega, 188 DPR 77 (2013).(5) En su moción de reinstalación a la profesión, la letrada suspendida deberá hacer constar, de manera específica, la forma como cumplió con el requisito de educación jurídica continua pendiente por subsanar. íd.
En vista de lo anterior, decretamos su suspensión inde-finida e inmediata de la licenciada Ramos Martínez del ejercicio de la abogacía y de la notaría, según le fuera apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e in-formar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta opinión “per cu-riam” y sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la Sra. Gail Ramos Martínez y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

 Regla 28 del Reglamento de 2005 (4 LPRA Ap. XVII-E). Véase, también, In re Grau Collazo, 185 DPR 938 (2012).

 Regla 30 del Reglamento de 2005 (4 LPRA Ap. XVII-E).

 Regla 31 del Reglamento de 2005, supra.

 Regla 32 del Reglamento de 2005, supra.

 Véase, además, Reglamento de Educación Jurídica Continua de 1998 (4 LPRAAp. XVII-D, R. 1).